# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* Estate of JOHN A. DOYLE.

---

| | |
|---|---|
| MARIANNE K. DOYLE, Individually and as Personal Representative of the ESTATE OF JOHN A. DOYLE, | UNPUBLISHED<br>March 3, 2016 |
| Plaintiff-Appellant, | |
| v | No. 324337<br>Saginaw Circuit Court |
| COVENANT MEDICAL CENTER, INC., MICHIGAN CARDIOVASCULAR INSTITUTE, P.C., and CHRISTOPHER GENCO, M.D., | LC No. 12-016476-NH |
| Defendants-Appellees. | |

---

Before: O'CONNELL, P.J., and OWENS and BECKERING, JJ.

O'CONNELL, P.J. (*concurring in part and dissenting in part*).

I concur with the majority that plaintiff has not shown that defendants made affirmative acts or misrepresentations to prevent plaintiff's discovery of this claim and, as a result, plaintiff failed to establish fraudulent conduct, but I respectfully dissent from the majority's conclusion that defendants had a duty to disclose malpractice. I conclude that plaintiff produced no evidence that defendants knew they committed malpractice and, accordingly, defendants had no knowledge to disclose. I would affirm the well-reasoned decision of the trial court.

The central issue in this case is whether defendants prevented plaintiff's discovery of their medical malpractice cause of action, allowing the trial court to toll the six-year statute of repose. The trial court and the majority agree that defendants did not affirmatively act to prevent plaintiff from discovering the existence of the claim. Normally this conclusion would resolve the case, but through a complex analysis, the majority concludes that an exception to the fraudulent conduct rule applies to this factual scenario. The majority reasons that, since defendant doctor had a fiduciary relationship with Mr. Doyle, defendant doctor had a duty to disclose malpractice of which he was aware, without opining whether such a duty exists or applies to this case. There is a fatal flaw in the majority's analysis—plaintiff presented no evidence that defendants were aware they committed malpractice.

-1-

After defendants discovered the sponge count discrepancy, they undertook a thorough set of follow-up procedures, including searching the surgical field and performing x-rays. Defendants found no indication that the sponge remained in Mr. Doyle's body after the surgery. The majority weaves a tale of innuendo, speculation, and hindsight to conclude that everyone knew that malpractice had occurred. However, a discrepancy in a sponge count does not equate to knowledge of a retained sponge. I agree with the trial court that plaintiff has produced no evidence that at the time of the incident defendants were aware of malpractice. To the contrary, the evidence established that defendants actively ruled out that scenario. Defendants had no knowledge to disclose.

I would affirm the decision of the trial court.

/s/ Peter D. O'Connell